LUCRECIA GUTIÉRREZ, Plaintiff and Appellant, *v.* JUAN RAMÓN RAMOS, Defendant and Appellee.

No. 5901. Argued February 9, 1933.—Decided December 6, 1933.

*José E. Díaz* for appellant. *A. Reyes Delgado* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In the Municipal Court of Manatí a suit was filed for the recovery of a homestead right. The title of the suit was:

"Lucrecia Gutiérrez, Represented by her attorney-in-fact Manuel Marchán, Plaintiffs, v. Juan Ramón Ramos, Defendant."

The first three paragraphs of the complaint were as follows:

"The plaintiff appears in this case, Lucrecia Gutiérrez, represented by her undersigned attorney-in-fact, and under oath alleges:

"I. That the plaintiff is an adult resident in Puerto Rico and living in the city of Manatí, and the defendant is an adult living in Manatí, Puerto Rico.

"II. That the plaintiff, Lucrecia Gutiérrez, before notary José C. Rodríguez Cebollero, executed a power of attorney in favor of the person who appears for her (compareciente) on the sixth of January, 1929, authorizing him to represent her in case of suits."

The complaint was subsequently amended but not substantially changed with respect to the recited allegations.

We begin with these facts because in various forms the rights of Manuel Marchán as supposed representative of Lucrecia Gutiérrez are involved.

The Municipal Court of Manatí decided in favor of the plaintiff. On appeal the defendant paid the fees for having the case set on the calendar but did not pay the amount of five dollars for the filing of the appeal as required by certain acts of the Legislature. However, by the so-called Act No. 93 of 1917 governing the whole field of appeals from the municipal courts provisions were made by which it became unnecessary for appellant to pay a fee for filing. This act of 1917 is erroneously mentioned by both the appellant and the court below as Act No. 93 of the year 1919. This and other acts were promulgated in 1919 by reason of a decision of the Supreme Court of Puerto Rico and were held to be null and void by the U. S. Circuit Court of Appeals for the First Circuit in *Porto Rico Telephone Co.* v. *People of Porto Rico*, 47 F. (2d) 484.

On a motion to dismiss, the District Court of Arecibo held that by virtue of Act No. 93 the appellant before it was not obliged to pay any fees for the filing of the suit; that when

the case was appealed, Act No. 93 had not been declared invalid; and that by a subsequent act (No. 74 of 1931, Session Laws, page 462) the acts of the officials of the Government done in connection with the laws and joint resolutions promulgated by reason of the decision of the Supreme Court of Puerto Rico were declared valid if not theretofore impugned before the courts of justice. The action of the District Court of Arecibo is attacked on appeal.

There is a fair chance that without the validating act the secretary of the District Court of Arecibo was entitled to receive the case by reason of the supposed Act No. 93. It was an action taken similar to the action of a judge *de facto*.

Thereafter the case was dismissed by the District Court of Arecibo because when it was called for trial the plaintiff failed properly to appear. The court said that there were two motions filed by Manuel Marchán asking for the postponement of the hearing, one of them setting up that there was a certiorari pending in the Supreme Court of Puerto Rico. The court held that the motion to continue could not prevail because it was not duly notified to the other side or more particularly because the notification was not duly sworn to; that when regular attorneys certify to a notification, as they are officers of the court, their simple certification is sufficient, but that when a private party or an attorney in fact attempts to notify the opposite party the notice should be duly verified. The court dismissed the action by reason of section 192 of the Code of Civil Procedure.

We quite agree with the District Court of Arecibo that an attorney in fact has not the same rights as a regular attorney and that any notice that he issues must be sworn to always, supposing that he has a right to make any appearance whatsoever before a court.

The appellee has filed no brief, but we seriously question whether this suit was ever properly begun in the Municipal Court of Manatí. Excepting the parties themselves, no one

but a regular attorney duly admitted to practice has a right to appear in representation of another person.

Section 51 of the Code of Civil Procedure provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this Code. Appearance in court shall be made through an attorney legally empowered to exercise his profession under the provisions of this law."

Until we are advised to the contrary, we hold that the suit in the municipal court was improperly begun and entirely void. Powers of attorney only extend to acts outside of courts. See, e.g., 6 C. J. 818. Necessarily, the phrase "attorneys duly admitted" excludes form its field of operation attorneys-in-fact. We say this, bearing in mind the one exception indicated by our opinion in the case of *Hull* v. *District Court*, 42 P.R.R. 146.

The order appealed from will be affirmed.